IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELDRICK DEON McNEAL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN - BUTNER FDERAL )<br>MEDICAL CENTER,[1] )<br>)<br>Respondent. ) | CIVIL ACTION NO.: 2:21-CV-112-MHT-SRW<br>[WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This habeas action began when the District Judge assigned to this case entered an order construing the "Emergency Writ of Habeas Corus" filed by Petitioner, Eldrick Deon McNeal, in his criminal case, *United States v. McNeal,* 2:15-CR-199-MHT (M.D. Ala.), as a 28 U.S.C. § 2241 petition for habeas corpus relief.  Doc. 1.

Petitioner is an inmate currently confined at the Federal Medical Center in Butner, North Carolina ("FMC–Butner") pursuant to an order issued by this court on May 12, 2020 in his criminal case. *United States v. McNeal,* 2:15-CR-199-MHT (M.D. Ala.) – Doc. 289.  In the criminal case, the court conducted a hearing on Petitioner's restorability to mental competency. After this hearing, the District Judge "declared that there is not a substantial probability that in the foreseeable future defendant Elton Dean McNeal will attain mental competency to permit the trial

---

[1] Although Petitioner also designates the United States Attorney General and the District Judge assigned his criminal case as Respondents, the Warden of the Butner Federal Medical Center, as McNeal's custodian, is the proper respondent to a petition filed under 28 U.S.C. § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (finding "the proper respondent to a habeas petition is 'the person who has custody over [Petitioner].'").  The undersigned therefore lists the Warden as Respondent in the style of this case.

and all other proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1)." *Id*. at 6–7. In so doing, the District Judge determined that Petitioner would continue his commitment to FMC–Butner until determination "by a United States District Court in North Carolina" of his dangerousness "should the BOP file a certificate of 'dangerousness' pursuant to pursuant to 18 U.S.C. § 4246(a). The BOP will file such a certificate if it is determined that there is no state facility suitable for McNeal's custody and care. *See* 18 U.S.C. § 4246(a)." *Id*. at 6. This order further directed that Petitioner "remain in the custody of the United States Bureau of Prisons until he can be transferred to a state facility suitable for his custody and care or until the order of this court or some other federal court." *Id*. at 7.

In the instant § 2241 petition, Petitioner contends that his commitment to federal custody at FMC–Butner is improper and seeks release from confinement at FMC–Butner and transfer to a facility or hospital closer to his home in Alabama. Upon review of the instant petition, and based on applicable federal law, the undersigned finds that this 28 U.S.C. § 2241 petition for writ of habeas corpus should be transferred to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. § 1631.[2]

## II. DISCUSSION

In the prior order entered in this civil action, Doc. 1, the District Judge determined that Petitioner, a federal detainee, is challenging the manner, location, and conditions of the execution of his confinement in a 28 U.S.C. § 2241 petition for writ of habeas corpus. Since Petitioner challenges the execution of his confinement, a writ of habeas corpus pursuant to 28 U.S.C. ' 2241

---

[2] Petitioner has not submitted the required filing fee or an application for leave to proceed *in forma pauperis*. However, the undersigned finds that a determination of Petitioner's *in forma pauperis* status, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Eastern District of North Carolina. Petitioner has also filed a motion for appointment of counsel, Doc. 3, which the court likewise finds should be addressed by the United States District Court for the Eastern District of North Carolina upon transfer of this case.

2

is therefore the proper avenue of relief.  *See Wood v. United States*, 2018 WL 3537155, *2 (D.S.C. July 23, 2018) (finding that 28 U.S.C. § 2241 is the proper avenue of relief for an individual challenging an order of involuntary commitment for mental evaluation); *Mahoney v. Grondolsky*, 2017 WL 9476826, at *2 (D. Mass. Nov. 2, 2017) (finding section 2241 applies to challenges to civil commitment orders issued by federal courts); *Campbell v. United States*, 2015 WL 1540524, at *2 (E.D.N.Y. Apr. 7, 2015) (finding habeas corpus relief under 28 U.S.C. § 2241 "extends . . . to challenges of civil commitment to mental institutions."); *cf. Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001) (holding "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner . . . challenging the execution of his sentence.").

A 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is [confined]." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991);*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the [individual] who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").  "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained[.]"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given [petitioner's] habeas petition. This custodian, moreover, is "the person" with the ability to produce the [petitioner's] body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the petitioner] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct.

> 1123 ("'[T]his writ . . . is directed to . . . [the custodian],'" quoting *In re Jackson*, 15 Mich. 417, 439–40 (1867)).
> In accord with the statutory language and *Wales*' immediate custodian rule, . . . the default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).

Petitioner was, at the time of filing this petition, and is now confined at the Federal Medical Center in Butner, North Carolina, which is located within the jurisdiction of the United States District Court for the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a).

> "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden [v. 30th Judicial Circuit Court of Ky.*], 410 U.S. [484], at 495, 93 S.Ct. 1123 . . . [(1973)]. Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States*, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed .2d 329 (1961). Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338."

*Rumsfeld*, 542 U.S. at 442.

Accordingly, this court lacks jurisdiction over the instant 28 U.S.C. § 2241 petition for writ of habeas corpus. Under 28 U.S.C. § 1631, however, a federal court that finds it cannot entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. "Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984). Because Petitioner is proceeding *pro se* and seeks habeas corpus relief that is proper under 28 U.S.C. § 2241, the undersigned finds that

4

it is in the interest of justice to transfer this case to the United States District Court for the Eastern District of North Carolina for review and determination.[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1631.

On or before **March 18, 2021**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the factual findings and legal conclusions contained in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[3] In transferring this case, the court makes no determination with respect to the merits of Petitioner's claims for relief.

DONE, on this the 3rd day of March, 2021.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge